UNITED STATES DISTRCIT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CHERYL D. MGEE

       Plaintiff,                             Case No. 18-cv-13231

vs.

MICHAEL ANDREWS &
ASSOCIATES, L.L.C.,

       Defendant.

_____/

**DEFENDANT'S RULE 12(B)(6) MOTION TO DIMISS AMENDED
COMPLAINT AND BRIEF IN SUPPORT**

Michael Andrews & Associations ("MAA") states as follows for its Rule

12(b)(6) Motion to Dismiss Amended Complaint and Brief in Support:

**MOTION TO DISMISS**

1.      Cheryl McGee defaulted on a car loan and MAA was engaged by Ms.

McGee's lender to collect the unpaid debt. *See* Amended Complaint

("Complaint") at ¶¶9, 10; 14, ECF 13, PageID 41.

2.      In response to MAA's collection efforts, Ms. McGee told MAA she

was in financial hardship and could not pay the debt. *See* Complaint at ¶15,

PageID 41.

3.      MAA nonetheless made "repeated" calls to Ms. McGee after being

informed that Plaintiff was unable to pay the debt. *See* Complaint at ¶¶16 – 17,

PageID 41 – 42.  Ms. McGee characterizes the calls and "rude" and "demeaning"

and alleged that MMA "berated" Ms. McGee for buying a car she could not afford. *See* Complaint at ¶¶18 – 20, PageID 42.  A copy of the transcript of that call is attached as Exhibit A.

4.      Ms. McGee alleges that these allegations state a claim under various provisions of the Fair Debt Collection Practices Act ("FDCPA") because the calls were "harassing and abusive;" because Ms. McGee notified MMA that she could not pay the debt and because they were belittling.  *See* Complaint at ¶¶30 – 32; 34, PageID 44 - 45.  Ms. McGee further alleges MMA violated the FDPCA because it told Ms. McGee that it would "unilaterally repossess" the vehicle, "knowing it was Plaintiff's only means of transportation." *See* Complaint at ¶33, PageID 44 – 45.

5.      Ms. McGee does not allege that she asked MAA to cease making calls in writing, as provided by 15 U.S.C. §1692c(c).  Nor does Ms. McGee allege that the calls were made at inappropriate hours or made in a way that created a pattern of harassment.

6.      Further, although Ms. McGee alleges it was unlawful for MAA to threaten to "unilaterally repossess" a vehicle, this is not the law.   MCL 440.9609(1)(a) allows a secured creditor to satisfy a loan in default through repossession without seeking recourse through the courts.  *See* Title, attached as Exhibit B.

7.      Because Ms. McGee's allegations – even taken as true – fail to state a claim under the FDCPA, MAA respectfully asks the Court to dismiss the Amended Complaint, with prejudice.

8.      Pursuant to Local Rule 7.1, MAA sought Plaintiff's concurrence in the motion and concurrence was denied.

## BRIEF IN SUPPORT

**I.    Question Presented.**

Does the Amended Complaint state a claim for a violation of the FDCPA?

**II.    Principal Authority.**

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)

*Jeter v. Credit Bureau, Inc.,* 760 F.2d 1169, 1178 (11th Cir. 1985).

*Kukawa v. Palisades Collection, LLC* 614 F. Supp. 2d 788, 792 (E.D. Mich 2008)

*Saltzman v. I.C. System, Inc.,* 09-10096, 2009 WL 3190359 at *7 (E.D. Mich. September 30, 2009).

## I.    FACTS PLED IN COMPLAINT.

Cheryl McGee defaulted on a car loan and MAA was engaged by the lien

holder to collect the unpaid debt.  *See* Complaint at ¶¶9, 10, 14, PageID 41; Exhibit

B[1].  Ms. McGee told MAA she was in financial hardship and could not pay the

debt.  *See* Complaint at ¶15, PageID 41.  MAA nonetheless made "repeated" calls

to Ms. McGee and threatened to "unilaterally repossess" her car.  *See* Complaint at

¶¶16 – 19, PageID 41 - 42.  In one call, MAA "berated" Ms. McGee for buying a

car she could not afford.  *See* Complaint at ¶20, PageID 42.  The recording of the

call demonstrates the following concerning that allegation:

> Okay, so what I have to label this as, Ms. McGee is that you are
> unable to afford this vehicle, and that's why I have to turn it
> over, okay?

*See* Exhibit A at p. 2.

## II.    ARGUMENT.

### A.    Standard of review.

Rule 12(b)(6) permits district courts to dismiss a complaint which fails "to

state a claim upon which relief can be granted."  To survive a motion to dismiss

under Rule 12(b)(6), Ms. McGee must show that her Complaint alleges facts

---

[1] The court may consider documents that are referred to in the complaint or central to the claim on a Rule 12(b)(6) motion.  *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).  If the allegations are different than the document, the document trumps.  *Cates v. Crystal Clear Technologies, LLC*, 847 F.3d 530, 536 (6th Cir. 2017).

which, if true, would entitle her to relief. *First American Title Co. v. DeVaugh,* 480 F.3d 438, 443 (6th Cir. 2007). Put another way, a complaint must contain allegations to support all of the "material elements necessary to sustain a recovery under some *viable* legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997), emphasis added. Although the federal rules do not require detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007), internal citations and quotations omitted. In the context of the FDCPA, a plaintiff may not proceed if the "allegations do not plausibly describe a debt collection practice that was unfair or unconscionable with respect to" the plaintiff. *Todd v. Collecto,* 731 F.3d 734, 739 (7th Cir. 2013).

**B.    The Complaint Fails to Plead Facts to Support a Violation of §1692c(a)(1), §1692d, §1692e or §1692f based on the calls.**

"The determination of whether a debt collection agency's telephone calls amount to actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." *Saltzman v. I.C. System, Inc.,* 09-10096, 2009 WL 3190359 at *7 (E.D. Mich. September 30, 2009). Here, the allegations do not support a finding that either the pattern or volume of calls suggests intent to harass or annoy. For example, Ms. McGee does not contend that the calls

were made "at a time and place known to be inconvenient"[2] to Ms. McGee nor

does she allege facts which support an inference that the volume or pattern of the

calls was harassing.  *See e.g. Tye v. LJ Ross Assoc.,* 11-15195, 2013 WL 424765

at *  (E. D. Mich. February 4, 2013) (37 calls between August 1, 2011 and

October 31, 2011 did not violate FDCPA, even though plaintiff asked defendant to

cease communication);  *Tucker v. The CBE Group, Inc.,* 710 F. Supp. 2d 1301,

1303 (M.D. Fla. 2010) (57 calls to non-debtor, including 7 on one day, was not a

violation); *Jones v. Rash Curtis * Assoc.,* 10-cv-0225, 2011 WL 2050195 (N.D.

Cal. January 3, 2011) (179 calls over a year is not a violation);  *Arteaga v. Asset

Acceptance, LLC,* 733 F. Supp. 2d 1218, 1229 (E.D. Cal. 2010) (allegations of

"daily" or "nearly daily" phone calls alone do not raise an issue of fact);  *Jiminez

v. Accounts Receivable Management, Inc.,* 09-9070, 2010 WL 5829206 (C.D. Cal.

November 15, 2010) (69 calls over 115 days, is not a violation); *Waite v. Fin.

Recovery Serv., Inc.,* 09-cv-02336, 2010 WL 5209350 (M.D. Fla. December 16,

2010) (132 calls over 7 months was not a violation of the FDCPA).

Ms. McGee does not allege that she informed MAA in writing to cease

making phone calls.  This is the remedy provided by the FDCPA and the statute

---

[2] Ms. McGee alleges that MMA "knew that its conduct was inconvenient" but does not allege that the time and place of the calls were inconvenient.  *See* Complaint at ¶31, PageID 44.  The statute does not bar calls that are inconvenient generally, only calls that were made at an inconvenient time and place.  15 U.S.C. §1692c(a)(1).

does not recognize a cause of action based on an oral request to cease calling. 15 U.S.C. §1692c(c); *Slatzman v. I.C. System, Inc,* 2009 WL 3190359 at * 6 – 7 (E.D. Mich. Sept. 30, 2009); *Erickson v. Messerli & Kramer, P.A.,* 2011 WL 1869044 at * 7 (D. Minn. May 16, 2011). Because that is all that is alleged and because there is no pattern of harassing calls set forth, Ms. McGee's claims based on the number of calls and the refusal to cease calls must be dismissed for failure to state a claim.

**C.** **The Complaint Fails to Plead Facts to Support a Violation of §1692d, §1692e or §1692f based on the threat to repossess McGee's car.**

A debt collector violates the FDCPA if it threatens to take legal action that cannot be taken. 15 U.S.C. §1692d (barring abusive conduct generally); §1692e(5); 1692f(6). Courts that are asked to decide whether the FDCPA was violated by a debt collector threating to foreclose on a security interest "look to the applicable state self-help repossession statute which identifies the circumstances under which an enforcer of a security interest does not have a present right to the collateral at issue." *Alexander v. Blackhawk Recovery & Investigation, LLC,* 731 F. Supp. 2d 674, 679 (E.D. Mich. 2010). Michigan law allows a holder of a security interest in a vehicle to repossess the vehicle through a non-judicial foreclosure, as long as there is no breach of the peace. MCL 440.9609(2). There is no allegation that MAA threated a breach of the peace and Ms. McGee admits she

was in default on her car loan. MAA therefore had an absolute right to "unilaterally repossess" Ms. McGee's vehicle on behalf of its client and did not violate the FDCPA by informing Ms. McGee of its intent to effectuate a lawful collection remedy.

> **D. The Complaint fails to state a claim based on MAA's statement that Ms. McGee purchased an automobile she could not afford.**

Ms. McGee's claim that MAA's statement to Ms. McGee that she purchased a car she could not afford, does not state a claim under §1692d(2) or any other section of the statute. Section 1692d(2) specifically proscribes the use of "obscene or profane language or language the natural consequences of which is to abuse the hearer or reader." Section 1692d(2) is "is "meant to deter offensive language which is at least akin to profanity or obscenity, and such offensive language might encompass name-calling, racial or ethnic slurs, and other derogatory remarks." *Bassett v. I.C. Systems, Inc.,* 715 F. Supp. 2d 803, 809 (N.D. Ill. 2010), citing *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1169, 1178 (11th Cir. 1985).

Language that violates §1692d includes "name calling, racial or ethnic slurs, and other derogatory remarks which are similar in their offensiveness to obscene or profane remarks." *Jeter,* 760 F.2d at 1178. Put another way, "when read in context, subsection (2) was meant to deter offensive language which is at least akin to profanity or obscenity." *Id.*

Here, Ms. McGee alleges one comment that was not profane or obscene. MMA merely told Ms. McGee that, because she repeatedly missed payments, it determined that she could not afford the car and would take action accordingly. *See* Exhibit A at p. 2.  This does not state a claim under §1692d.  *Majeski v. I.C. Sys., Inc.,* Case No. 08-C-5583, 2010 WL 145861 at \*4 (N.D. Ill. Jan. 8, 2010) ("Yelling and rude language, while disrespectful, does not by itself violate §1692d."); *Thomas v. LDG Fin. Servs., Inc.,* 463 F. Supp. 2d 1370, 1373 (N.D. Ga. 2006) (asking debtor "what her problem was" because collector was making the same salary as debtor did and collector was paying her bills, did not rise to the level of harassment).  Indeed, courts have held that calling a debtor a "liar" will not state a claim.  *See e.g. Mammen v. Bronson & Migliaccio, LLP,* 715 F. Supp. 2d 1210, 1219 (M.D. Fla. 2009) (saying "You're lying" to debtor did not violate FDCPA).   In no way could the comment that Ms. McGee could not afford the car (a statement which is true, as demonstrated by her inability to make her car payments) be construed as "akin to profanity or obscenity" or in any other way the type of statement the FDCPA was passed to prevent.  Ms. McGee's claim based on the comment that she bought a car she could not afford fails to state a claim under the FDCPA and must be dismissed.

## III.    CONCLUSION.

Ms. McGee allegations detail a perfectly legal and appropriate effort by

MAA to collect a debt Ms. McGee admits she owes and stopped paying.  None of

the conduct alleged violated any of the myriad of subsections pled and the

Complaint must be dismissed, with prejudice, accordingly.

Respectfully submitted.

MADDIN HAUSER ROTH & HELLER, P.C.

/s/  Kathleen H. Klaus
KATHLEEN H. KLAUS (P67207)
Attorney for Defendant
28400 Northwestern Highway, 3rd Floor
Southfield, MI  48034
(248) 359-7520
kklaus@maddinhauser.com

Dated:  January 3, 2019

---

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2019, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:  all counsel of record.

/s/  Kathleen H. Klaus
Kathleen H. Klaus (P67207)
Attorney for Defendants
28400 Northwestern Highway,
3rd Floor
Southfield, MI 48034
(248) 359-7520
kklaus@maddinhauser.com

---

03031711 v2} 15137-0030

11