UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CHERYL D. MCGEE

    Plaintiff,                                       Case No. 18-cv-13231

vs.

MICHAEL ANDREWS &
ASSOCIATES, L.L.C.,

    Defendant.
_____/

**DEFENDANT'S REPLY IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS AMENDED COMPLAINT**

In her Response to Michael Andrews & Association's ("MAA") Motion to Dismiss, Cheryl McGee contends she has stated a claim for harassment under the Fair Debt Collection Act ("FDCPA") because the statute is so broad, any communication - even one phone call - can constitute harassment under the statute. *See* Response at p. 8, ECF 15, PageID 75, citing *Bingham v. Collection Bureau, Inc.,* 505 F. Supp. 864 (C.D. N.C. 1981). In essence, Ms. McGee contends that there are no minimum pleading standards, other than setting forth conclusory allegations setting forth the *prima facie* elements of a claim under the statute. This is not the law in this Circuit and, because that is all Ms. McGee offers, her Amended Complaint must be dismissed.

A.  **There is no claim based on an oral request to cease collection efforts.**

The FDCPA recognizes a claim against a debt collector who fails to cease collection efforts if the debtor provides a written demand to stop dunning.  15 U.S.C. §1692c(c); *Slatzman v. I.C. System, Inc.,* 2009 WL 3190359 at * 6 – 7 (E.D. Mich. Sept. 30, 2009); *Erickson v. Messerli & Kramer, P.A.,* 2011 WL 1869044 at * 7 (D. Minn. May 16, 2011).  Ms. McGee did not make such a request, and argues that it does not matter because an oral request is sufficient to state a claim for harassment.  The cases cited for this proposition were brought by people who informed the debt collector that the debt collector was calling the wrong number [*Moore v. Firstsource Advantage, LLC,* Case No. 07-CV-770, 2011 WL 4345703 at * 14 (W.D. N.Y. September 15, 2011) and *Pratt v. CMRE Financial Services, Inc.,* Case No. 10-CV-2332, 2012 WL 86957 at * 2 (E.D. Mo. Jan. 11, 2012)]; the debtor told the debt collector that it was making calls at an inconvenient time [*Brandt v. I.C. Sys.,* Case No. 09-CV-126,  2010 WL 582501 at *2 (M.D. Fla. Feb. 19, 2010); or where the debt called the debtor immediately after the debtor hung up on the collector [*Bingham v. Collection Bureau,* 505 F. Supp. 864, 873 (D. ND 1981)].  None of these circumstances is pled.

Under the FDCPA, a consumer can direct a debt collector to cease its collection efforts, but the statute requires that the direction be in writing.  A statute should not be interpreted in a way that would render part of the statute

inoperative. *Mountain States Tel. & Tel Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 249 (1985). Ms. McGee's argument renders 15 U.S.C. 1692c(c) a nullity and her construction therefore is untenable. There is no cause of action under the FDCPA based on a debt collector's failure to cease collection activity based on an oral request to stop and Ms. McGee's claims based on these allegations must be dismissed.

    **B.    MAA did not violate the FDCPA by advising Ms. McGee that her vehicle could be repossessed.**

Ms. McGee admits that MAA's client had a lien on Ms. McGee's vehicle and that the vehicle could be repossessed for non-payment. However, Ms. McGee claims that MAA itself could not repossess the vehicle because it was not the lien holder and, therefore, that it violated the FDCPA when it told Ms. McGee her vehicle would be repossessed. *See* Response at p. 14, ECT 15, PageID 81. The argument is specious. There is no allegation that Tracer - the lien holder – had not authorized MMA to inform Ms. McGee of the legal consequences for non-payment. In other words, there was no *false* threat of a legal action that was not imminent. The legal action threatened was imminent and in fact occurred.

Ms. McGee relies on *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 63 (2nd Cir. 1993) to support her argument. The debt collector in *Bentley* stated in writing that its client authorized it to file suit if the debtor did not pay. *Id* at p. 62. In fact, the creditor was not prepared to file suit. The debtor collector's statement

thus was 'admittedly" false and, therefore, a violation of 15 U.S.C. 1692e(5).  Ms. McGee does not and cannot allege that Tracer was not prepared to repossess her vehicle, because her vehicle was in fact repossessed.

Section 1692e(5) bars threats to take any action that cannot legally be taken or that is not intended to be taken and §1692e(10) is a catch all prohibition on false representations and deceptive collection practices.  In warning Ms. McGee that her car would be repossessed, MMA was not making an empty threat or acting deceptively.  It was accurately and honestly conveying to Ms. McGee the actual consequences of her failure to pay her auto loan.   Ms. McGee thus fails to state a claim based on MMA's truthful warning that Ms. McGee's vehicle would be repossessed if she did not pay her loan.

**C.   The alleged substance of the calls does not state a claim.**

The only allegation concerning the "substance" of MMA's calls to Ms. McGee was that MMA chastised her for buying a car she could not afford.  *See* First Amended Complaint at ¶ 34, ECF 13, PageID 45.  That is not what MMA in fact said.  *See* Motion at Exhibit A, ECF 14-2, PageID 63.  In her Response, Ms. McGee therefore claims that her conclusory allegations of being "berated" are sufficient to state a claim.  *See* Response at p. 16, ECF 15, PageID 83.  How was she "berated"?  What specific actions were taken by MMA that Ms. McGee believes constitute "berating"?  We do not know, because she does not say.

Instead, she refers to her again general allegations of a "pattern" of "harassing calls." These are legal conclusions, not facts, and do not state a claim.

Section 1692d(2) specifically proscribes the use of "obscene or profane language or language the natural consequences of which is to abuse the hearer or reader." Here, MMA advised Ms. McGee that she did not keep her promise to make timely full payments on her debt. Ms. McGee admitted that she did make the payment she promised to make. *See* Motion at Exhibit A, ECF 14-2, PageID 63. The "substance" of the communication did not contain "profanity or obscenity, and such offensive language might encompass name-calling, racial or ethnic slurs, and other derogatory remarks" and therefore did not violate the FDPA. *Bassett v. I.C. Systems, Inc.,* 715 F. Supp. 2d 803, 809 (N.D. Ill. 2010), citing *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1169, 1178 (11th Cir. 1985).

### D. Conclusion.

Ms. McGee's defense of her Amended Complaint is a plea to this Court to find that any communication from a debt collector states a claim under the FDCPA because every communication is arguably "harassing" or "abusive." Ms. McGee was a party to the communications and, before she can proceed against MMA, she is required to provide specific facts concerning the communications that support an inference the communications violated the FDCPA. She not only has failed to do so, she maintains she is not obligated to do so. She is wrong, and her Amended

Complaint must be dismissed, with prejudice, accordingly.

                                  Respectfully submitted.

                                  MADDIN HAUSER ROTH & HELLER, P.C.

                                  */s/  Kathleen H. Klaus*
                                  KATHLEEN H. KLAUS (P67207)
                                  Attorney for Defendant
                                  28400 Northwestern Highway, 3rd Floor
                                  Southfield, MI  48034
                                  (248) 359-7520
                                  kklaus@maddinhauser.com

Dated:  January 31, 2019

---

### CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2019, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:  all counsel of record.

                                  */s/  Kathleen H. Klaus*
                                  Kathleen H. Klaus (P67207)
                                  Attorney for Defendants
                                  28400 Northwestern Highway,
                                  3rd Floor
                                  Southfield, MI 48034
                                  (248) 359-7520
                                  kklaus@maddinhauser.com