UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL D. MCGEE,

    Plaintiff,

v.

MICHAEL ANDREWS & ASSOCIATES,

    Defendant.

                        /

Case No. 18-13231

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [14]**

Plaintiff, Cheryl McGee, brings this case under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. In 2017, Plaintiff financed the purchase of her automobile through Tracer Financial Company. When she fell behind on her payments, Ms. McGee began receiving phone calls from Michael Andrews & Associates, a debt collection company. Defendant defended the legality of those phone calls in its January 3, 2019 Motion to Dismiss [14]. For the reasons below, that motion will be granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

Because Defendant's motion is brought under Fed. R. Civ. P. 12(b)(6), all of Plaintiff's plausible allegations will be accepted as true.

Plaintiff began receiving phone calls from Defendant around the spring of 2018, regarding the $8,000 she continued to owe to Tracer. (Am. Compl. ¶¶ 10-11). Though Defendant primarily used one phone number for its calls, it occasionally used others. (Id. at ¶ 13). Plaintiff alleges that although Defendant was aware of Plaintiff's insupportable financial condition, it continued to place calls that were rude and demeaning in tone. (Id. at ¶¶ 17-18). Defendant told Plaintiff that it would repossess Plaintiff's vehicle if payment was not made. (Id. at ¶ 19). Defendant also berated Plaintiff for purchasing a vehicle that she could not afford. (Id. at ¶ 20).

On October 16, 2018, Plaintiff filed her original Complaint. [Dkt. # 1]. Defendant filed a Motion to Dismiss [9], but Plaintiff filed an Amended Complaint [13] on December 18, 2018. Defendant filed a second Motion to Dismiss [14] on January 3, 2019. That motion is now fully briefed and suitable for determination without a hearing in accord with Local Rule 7.1(f)(2).

**LEGAL STANDARD**

Defendant moves to dismiss the amended complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). On such a motion to dismiss, the Court must "construe the complaint in a light most favorable" to Plaintiff and "accept all of [its] factual allegations as true." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). "Although the factual allegations in a complaint need not be detailed, they 'must do more than create speculation or suspicion of a legally

cognizable cause of action; they must show entitlement to relief.'" *Id. quoting LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive such a motion, Plaintiff must plead factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Defendant has attached transcripts of a phone call between it and Plaintiff. Such evidence is outside of the Court's purview on a Rule 12(b)(6) motion and will not be considered in its determination.

## ANALYSIS

"Congress enacted the FDCPA 'to address the widespread and serious national problem of debt collection abuse by unscrupulous debt collectors.'" *Scheuer v. Jefferson Capital Sys., LLC*, 43 F. Supp. 3d 772 (E.D. Mich. 2014) (quoting *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 2014 WL 3882745 at *2 (6th Cir. 2014) (citing S. Rep. No. 95-382, at 2 (1977))).

Plaintiff alleges, in one count, violations of four separate provisions of the FDCPA.

**15 U.S.C. § 1692c**

15 U.S.C. § 1692(c)(a)(1) prohibits debt collectors from calling consumers "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." As Defendant observes, Ms. McGee has not pled any facts that would create an inference that she was called at inconvenient times or locations. Its motion to dismiss will therefore be granted as to alleged violations of 15 U.S.C. § 1692(c(a)(1).

Plaintiff's failure to send Defendant a letter requesting that they cease calling her does not represent grounds for dismissal. A plain reading of 15 U.S.C. § 1692c(c) provides that a written cease communication notification can provide a basis for a cause of action if ignored by the debt collector, but not that such a letter is a prerequisite for enforcing other rights enumerated in the FDCPA. Both cases cited by Defendant analyze (under the summary judgment standard) situations where Plaintiff had brought distinct claims under § 1692c(c). *See Slatzmann v. I.C. System, Inc.*, 2009 WL 3190359 (E.D. Mich. Sept. 30, 2009); *Erickson v. Messerli & Kramer, P.A.*, 2011 WL 1869044 (D. Minn. May 16, 2011). Defendant has established that Plaintiff does not have a claim under 15 U.S.C. § 1692c. But the failure to send a written notice requesting cessation of calls does not preclude a finding that the call violated other provisions of the FDCPA. *Moore v. Firstsource Advantage, LLC*, 2011 U.S. Dist. LEXIS 104517 *40-41 (W.D.N.Y. Sept. 15, 2011).

Defendant's motion will be granted against Plaintiff's claims arising from § 1692c(c).

**15 U.S.C. § 1692d**

15 U.S.C. § 1692d(2) prohibits debt collectors from using "obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." Defendant argues that berating Plaintiff about buying a vehicle which she could not afford does not violate the statute. It cites several cases decided on summary judgment where the district court analyzed the evidence of abusive language before determining whether the plaintiff had evidence that the statute was violated. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Bassett v. I.C. Systems, Inc.*, 715 F. Supp. 2d 803 (N.D. Ill. 2010); *Majeski v. I.C. System, Inc.* 2010 WL 145861 (N.D. Ill. Jan. 8, 2010). The one case decided under a Rule 12(b)(6) standard analyzed a factual background that, unlike in this case, included direct quotes. *See Thomas v. LDG Financial Services, Inc.*, 463 F. Supp. 2d 1370 (N.D. Ga. 2006). The factual record in this case, by contrast, is still undeveloped. "Berating" a debtor could be abusive or innocuous. Whether it is the former or latter is a determination best made after discovery.

15 U.S.C. § 1692(d)(5) prohibits a debt collector to call a person "repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Plaintiff's pleadings allege that the caller was rude, demeaning, and knew

that Plaintiff lacked the funds to pay her debt. These facts plausibly support an inference of an intent to annoy, abuse, or harass. Tellingly, the six cases cited by Defendant that undertook this analysis were all decided at the summary judgment stage of litigation. *See Tye v. LJ Ross Assoc.*, 2013 WL 424765 (E.D. Mich. Feb. 4, 2013); *Jones v. Rash Curtis Assoc.*, 2011 WL 205195 (N.D. Cal. Jan. 3, 2011); *Waite v. Fin. Recovery Serv., Inc.* (M.D. Fla. Dec. 16, 2010); *Jiminez v. Accounts Receivable Management, Inc.*, 2010 WL 5829206 (C.D. Cal. Nov. 15, 2010); *Tucker v. The CBE Group, Inc.*, 710 F. Supp. 2d 1301 (M.D. Fla. 2010); *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218 (E.D. Cal. 2010). At this stage of the litigation, by contrast, Plaintiff need only plead plausible facts supporting an inference that Defendant has violated the statute. She has done so.

**15 U.S.C. § 1692e**

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Courts in this circuit use the "least sophisticated consumer" test to determine whether a debt collector's representations are misleading or deceptive, in violation of the FDCPA. *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006)). "This standard ensures 'that the FDCPA protects all consumers, the gullible as well as the shrewd.' *Id.* (quoting *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*,

518 F.3d 433, 438 (6th Cir. 2008). "The standard recognizes that the FDCPA is designed 'for the protection of ... the public — that vast multitude which includes the ignorant, the unthinking, and the credulous.'" *Scheuer*, 43 F.Supp.3d at 780 (quoting *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 2014 WL 3361226 at *2 (11th Cir. 2014).

Plaintiff alleges that Defendant violated § 1692e when it threatened to repossess Plaintiff's vehicle. A debt collector violates the FDCPA when it threatens to take action that could only be taken by the creditor. *See Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). Michigan's Uniform Commercial Code provides that a secured party has a right to take possession of its collateral, "with or without judicial process if it proceeds without a breach of the peace." MCL. § 440.9609. Plaintiff disputes that defendant held a security interest in her debt. Whether or not Defendant was a "secured party" under Michigan law is a fact question that can only be addressed after discovery. Plaintiff has adequately pled that Defendant threatened to take action against her that it could not legally take, which would constitute a violation of § 1692e.

**15 U.S.C. § 1692f**

15 U.S.C. § 1692f prohibits debt collectors from "using unfair or unconscionable means" to collect a debt. The statute provides a non-exhaustive list of examples of such illegal means of debt collection. One of examples is "threatening

to take any nonjudicial action to effect dispossession or disablement of property if there is not present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). Plaintiff's cause of action under this statute could thus include a cause of action arising from Defendant's alleged threat to repossess the vehicle.

## Conclusion

Defendant has demonstrated that Plaintiff has failed to state a claim for relief under 15 U.S.C. § 1692c. Plaintiff, however, has adequately pled that Defendants violated § 1692d, § 1692e, and § 1692f. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss [14] is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED**.

                                                              s/Arthur J. Tarnow
                                                              Arthur J. Tarnow
Dated: June 20, 2019                       Senior United States District Judge